Curia, for

Eaule, J.
These cases come up from Lancaster, on ap* peal from Mr. Justice O’Neall, who granted prohibition to restrain the commissioners of roads from collecting certain fines imposed on the relators for not working on the road.
There are two cases between the same parties. In the first which will be considered, the facts are as follows.
The Legislature in 1830 established a ferry on the Catawba, at La* hier’s, and directed a road to be opened to it, on which all the inhabitants Within five miles were made liable to work. The Act of 1525, the general road law, provides that persons may be compelled to work on any road which passes within ten miles of their residence or plantation. The telator lives within three miles of the public road to Landsford, on which he had exclusively worked, until the new road to Lanier’s ferry was open* ed, and lives within one mile of the latter road. He received notice to work on the Landsford road, and while at work there was duly warned to work on the same road again the ensuing week. He was afterwards warned by another person, under the authority of another commissioner* belonging to the same board, to work the ensuing week on the Lanier’s ferry road. He chose the second week to obey the last warning, instead of the first, and worked on the latter road instead of the Landsford. The hoard of commissioners, within whose jurisdiction both roads are situate* regarded him as a defaulter, for not obeying the summons to work on the Landsford road, and fined him accordingly. It was this judgment which it was moved to prohibit.
Two questions arise for consideration ; was the relator properly sub-' jecl to the jurisdiction of the commissioners'? And if so, have they made a decision so contrary to law, and to the true interpretation of the Act, as to require this court to interfere by prohibition % All male inhabitants, and all male slaves, from 16 to 50 years of age, are made liable to work on the public road; each board of commissioners having authority to prescribe how far, and on what roads, persons and their slaves shall be required to work; each commissioner being authorized to call on the inhabitants liable or assigned to work on the roads in his division, at his own discretion. Ministers of the gospel, millers, and ferry-men, and no others, are exempted from this duty. The persons appointed by each commissioner, to warn the hands, are required to attend the meetings of the board *319 to prove'the defaults — and for the purpose of hearing and determining questions arising out of such defaults, and the excuses made, the board is constituted quasi a judicial tribunal without appeal.
The first question is, was the relator subject to their jurisdiction '! There is nothiug in the facts found by the jury, to show that he and his slaves were not liable to work on the Landsford road. He lives within 3 miles of it, and there is no express legal exemption.* And we are led to inquire whether he was exempt by necessary implication, or by the operation of law 1 , Such seems to be the view of the presiding judge; that he was called on to, perform duty on both roads at the same time — being equally hable, and his labor being demanded on both, he might divide his time between them: and having worked one week upon one road, he might work the next on the other — as he did so he was entitled to be discharged. But it seems to this court otherwise. The true question, as suggested by Mr. Justice Richardson,' is between wbat is matter of legal exemption and what is matter of reasonable excuse. In Harrington’s case, decided in 1823, 2 McC., 400, the court-held that the relator, being clerk of the court, and being required by express statute to be present in his office daily, and this being a provision of great importance to the public, which could not be dispensed with, was, by necessary operation of law, exempt from the duty of working on the roads ; and therefore was not subject to the jurisdiction of the commissioners. On examination it will be perceived that the decision there canuot be conclusive of this question. The circuit decision here rests on this, that being equally liable to work on both roads, he might divide his time. In Harrington’s case, it went *320 on the ground that his paramount duty, as clerk of the court, being incompatible with the other, exempted him altogether, and he was not liable at all; not that he was at liberty to choose which duty he would perform. As soon as it is admitted or shown that the relator was not legally exempted from work on the Landsford road, and might not lawfully disobey altogether the summons he received to work there, the first question is disposed of, for it then follows that he was properly subject to the jurisdiction of the board — and the case is resolved into the enquiry, whether he furnished to the board a reasonable excuse for not obeying that summons. And the second question arises, has the board decided in that matter in such direct opposition to law as to require the interference of this court? It would, perhaps, be sufficient to dispose of this question, were we to say, as it is said substantially, almost literally, in every case to'be found in our books, that if the person and the subject matter be within the jurisdiction of the board, their decision must be final and conclusive, unless they have in some matter exceeded the bounds prescribed to them, admitted illegal evidence, or otherwise violated the settled rules of the common law. It) The State v. Wakely, 2 N. & M’C., 410, 412, it is well said by Richardson, J., that “every court acting clearly within its jurisdiction in a case legally submitted, is independent of all other courts, to which no appeal is given. Mere irregularity, insufficiency of proof, or mistaken judgment, in such cases afford matter for appeal only.” The relator was fined for not working on the Landsford road; he was, by law, liable to work there — and had been warned to work there. When brought before the board to answer for his default, he made this excuse — that after being warned to work on the Landsford road, he was warned to work on the Lanier’s ferry road, and chose to' work on the latter. The board did not regard that excuse as sufficient: and the bare statement of the case shows that it was not a question of exemption but of reasonable excuse. At ,the time he was first warned on the Landsford road, he was equally liable ,to be called out on both : when actually warned it ceased to be a mere .liability as to that road. His labor was then required there. When he was afterwards warned on the other, it did not legally exempt him from that .requisition, nor discharge the obligation he had incurred on the former. It was for the commissioners to say whether it was reasonable, that he should .choose to obey the latter summons. Both the commissioners were of that board — and their decision leads to the conclusion, that the relator had, in fact, been assigned to the Landsford road — or that the summons to work there, besides being anterior in point of time, had the sanction of their authority.
Independently of this just conclusion, I think in every such case the *321 first legal summons should be obeyed. The liability to be called out on the Lanier’s ferry road, at the time the relator was first warned on the Landsford road, was no more, in legal contemplation, than a liability, which at all times exists, to be called on to perform any other duty of a citizen. And it would be of mischievous tendency, if we were to sanction the proposition, that a person, when legally summoned to work on the road, a duty of paramount importance, which is, in effect, only a species of taxation, should be permitted to excuse himself, nay, should be considered as entitled to discharge himself) by showing that he was afterwards called on to perform some other duty, of no higher or of inferior obligation, less laborious, and more agreeable. For on the principle of the decision claimed for the relator, it seems to me that any other duty required of him, however unimportant, would be equally efficacious to entitle him to exemption, if it were to be performed at the same time. To allow a subsequent summons, even to work on another road, to be regarded as a legal exemption, or discharge from a prioi summons for the same time, and to hold that the commissioners should be compelled to regard it as a legal excuse, would otherwise lead to mischievous effects. It would put it in the power of a commissioner on one road to defeat all the efforts of a commissioner on some other, if he had any motive to prevent the latter from being repaired, and if the same hands were liable to work on both. Such rivalship does sometimes exist; and a collusion between the hands and a favorite commissioner on a favorite road, is not an improbable occurrence.
I think the commissioners pronounced a judgment within their juris, diction — and that there is no ground for this court to order the prohibition.
The motion to set aside the judgment of the circuit court awarding the prohibition, is granted.

 Note. — The third ground taken on the part of the relator in these two cases, and on the part of H. R. Price in the next case — because neither of them was liable to work on the Landsford road, as both lived within five miles of the Lanier’s ferry road, we understand to have been decided by the late Court of Appeals, when these cases were brought up before. That ground has not been urged at the present hearing ; although it has not been overlooked by the court. The opinion of the majority is in conformity with that of the late court, that the relators were liable to work on the Landsford road — the Act of 1830 creating the ferry at Lanier’s, not making them exempt. Indeed, on looking into the suggestions it will be perceived that neither Josiah nor H. R. Price Glainis exemption on that ground — but both expressly admit that they were liable to work on both roads. In this last case I granted a prohibition nisi on the suggestion— but the verdict I think makes a different case. And if it did not I should adhere to the views now expressed, as being better considered than any opinion .expressed on the circuit.